IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| W. H. WALL FAMILY HOLDINGS, LLLP | § § § | |
| *Plaintiff,* | § § § | |
| v. | § § § | CIVIL ACTION NO. 3:18-cv-866 JURY DEMAND |
| B. BRAUN MEDICAL, INC. & B. BRAUN INTERVENTIONAL SYSTEMS, INC. | § § § § § | |
| *Defendants.* | § | |

**PLAINTIFF'S COMPLAINT**

1.  Plaintiff W. H. Wall Family Holdings, LLLP ("Plaintiff" or "Wall") files this Complaint asserting claims for patent infringement of U.S. Patent No. 6,974,475 ("the '475 Patent"), a copy of which is attached hereto as Exhibit "A" against Defendants B. Braun Medical, Inc. and B. Braun Interventional Systems, Inc. (collectively "Defendants" or "Braun"), under 35 U.S.C. § 271, *et seq.* In support thereof, Wall would respectfully show the Court the following:

**PARTIES**

2.  Wall is a Georgia limited liability limited partnership, with its principal place of business located at 4485 Commerce Drive, Suite 106, Buford, Georgia 30518. The limited partners in Wall consist of Dr. W. Henry Wall, the inventor of the '475 Patent, and members of his family.

3. B. Braun Medical, Inc. is a Delaware corporation with its principal executive offices and corporate headquarters located at 824 Twelfth Ave., Bethlehem, Pennsylvania 18018. B. Braun Interventional Systems, Inc. is a Pennsylvania corporation with its principal executive offices and corporate headquarters located at 824 Twelfth Ave., Bethlehem, Pennsylvania 18018. Defendants conduct business in Texas through their offices located at 1601 Wallace Dr., Suite 150, Carrollton, Texas 75006. Defendants may each be served through their registered agent for service of process, Corp. Service Corp, d/b/a CSC Lawyers, 211 E. 7th St., Suite 620, Austin, Texas 78701.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code. This Court has exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§1331 and 1338(a).

5. This Court has personal jurisdiction over Braun. Braun maintains an offices in the State of Texas and the Northern District of Texas. Braun, ships, distributes, offers for sale, sells, and advertises its products in the United States, the State of Texas, and the Northern District of Texas. Braun has committed the tort of patent infringement within the State of Texas and this District.

6. Venue is proper in the Northern District of Texas under 28 U.S.C. § 1400. Braun has committed acts of infringement and has a regular and established place of business located in the Northern District of Texas by virtue of their offices located at 1601 Wallace Dr., Suite 150, Carrollton, Texas 75006.

**BACKGROUND**

7. According to the Centers for Disease Control, coronary artery disease ("CAD") is the most common type of heart disease in the United States. CAD is caused by plaque buildup in the walls of the arteries that supply blood to the heart and other parts of the body. Plaque buildup causes the inside of the arteries to narrow over time, which could partially or totally block the blood flow, leading to a heart attack. More than 600,000 people die of heart disease in the United States every year, with heart disease being the leading cause of death for both men and women.

8. In 1974, German-born physician-scientist Andreas Gruntzig first used a balloon-tipped catheter to re-open a severely blocked artery. Balloon angioplasty became a leading therapy for treating cardiovascular diseases.

9. In 1981, while he was working as a visiting clinical professor at Emory Dental School, Dr. Wall became acquainted with Dr. Gruntzig, who had recently joined the Emory faculty. Dr. Wall studied the balloon angioplasty therapy pioneered by Dr. Gruntzig, and concluded that arterial blockage would likely return in patients, requiring balloon angioplasty to have to be repeated over time. Dr. Wall considered this issue and began working on ideas to address this problem. Initially, he tried to develop an ultrasound method to remove the blockage. After experimenting with this idea, Dr. Wall concluded that this method was not a viable solution. On or about October 15, 1984, he conceived the invention of inserting a sleeve into an artery following an angioplasty procedure. The sleeve would then effectively hold open the artery and prevent restenosis. Dr. Wall filed a disclosure document with the USPTO in December 1984, and then filed a formal patent application on December 8, 1987.

10. Due to a number of issues that arose during the prosecution of Dr. Wall's patent, including the litigation and appeal of an interference action, and the misplacing of the application by the USPTO, the '475 Patent finally issued on December 13, 2005. Because of the lengthy delays in the prosecution process, the USPTO extended the term of the '475 Patent by 903 days.

11. Over time, doctors have moved from treating coronary heart disease with angioplasty alone to using stents in conjunction with angioplasty. The National Institutes of Health has described how stents are commonly used as part of a procedure known as percutaneous coronary intervention, or "PCI." A stent is generally a small mesh tube that is placed in an artery as part of the PCI procedure. PCI restores blood flow through a narrowed or blocked artery. The stent helps support the inner wall of the artery following the PCI procedure. Stents are typically made of metal mesh, although they can be made from other materials as well. Some stents are coated with medicine that is slowly and continuously released into the artery.

12. During a PCI procedure, a doctor threads through a blood vessel a thin, flexible tube, or catheter, with a balloon or other device on the end to the place in the artery that is narrowed or blocked. Once in place, the balloon is inflated to compress against the wall of the artery the plaque that has built up inside the artery. The stent, which was carried on the deflated balloon, expands when the balloon expands, and is pushed into place in the artery. The balloon is then deflated and pulled out along with the catheter. The stent remains in place in the artery and, over time, cells in the artery grow through the mesh of the stent.

**PATENT INFRINGEMENT**

13. On December 13, 2005, the United States Patent and Trademark Office ("PTO") issued the '475 Patent to Dr. Wall, entitled "Angioplasty Stent" after a full and fair examination. The PTO extended the term of the '475 Patent by 903 days. All rights in the '475 Patent have

4

been assigned to Wall.  The patent relates generally to a prosthesis that can be inserted into a bodily lumen while in a collapsed position, and then expanded in order to prevent restenosis in the lumen.  Wall has the right to enforce the '475 Patent and to recover all damages available under law.

14. The '475 Patent contains a total of forty-two claims, including ten independent claims and thirty-two dependent claims.  By way of example, Claim 39 states:

> A stent for placement into a narrowed opening of a lumen of the human body and for maintaining at least a minimum opening within the lumen, said stent comprising:
> a radially collapsible sleeve formed in a mesh and a coating applied thereto,
> said sleeve defining a plurality of openings throughout the mesh to allow tissue to grow therethrough, and
> said mesh being biased toward either its collapsed position or its expanded position.

**Infringement of the '475 Patent**

15. Braun sells, and/or offers for sale to customers within the United States a variety of stent devices which infringe one or more of the claims of the '475 Patent.  At least one such example of the infringing products made and sold by Braun is the CP Stent and the Covered CP Stent ("Accused Products").  An example of the Accused Products is shown below.



16. According to a Braun press release dated May 2, 2016, the CP Stent is used for treatment of Coarctation of the Aorta ("CoA"), which is a narrowing of the aorta.  Most CoA is

diagnosed in infancy and childhood. According to the Centers for Disease Control, approximately 4 out of every 10,000 babies are born each year in the United States with CoA.

17. The CP Stent is a sleeve formed in a mesh. The CP Stent is composed of heat treated 90% platinum and 10% iridium wire that is arranged in laser welded rows with a "zig" pattern.

18. The CP Stent is radially collapsible. The CP Stent Instructions for Use teaches the following: "Gently crimp the stent on the balloon by using finger pressure and a 'rolling action' to exert equal pressure on all sides of the stent."

19. The CP Stent is also coated. The CP Stent has a coating of an over braze of 24k gold. The CP Stent is also available as a Covered CP Stent, which is covered with ePTFE material. Further, the CP Stent Instructions for Use teaches users to "place a small amount of undiluted contrast to 'coat' the stent and improve adherence to the balloon."

20. Both the CP Stent and the Covered CP Stent contain openings that allow tissue to grow through the stents.

21. Finally, before being used in the body, the CP Stent and the Covered CP Stent are biased toward a closed position. After it is inserted and expanded, the CP Stent and the Covered CP Stent are biased toward an expanded position.

## COUNT ONE: INFRINGEMENT OF '475 PATENT

22. Wall realleges paragraphs 1 through 21 herein.

23. By selling and/or offering for sale in the United States the Accused Products, Braun has been and is now infringing directly, and/or actively inducing and/or contributing to the infringement of at least Claims 30, 34 and 39 of the '475 patent, either literally or through the doctrine of equivalents, pursuant to 35 U.S.C. § 271.

24. The Accused Products have no suitable non-infringing use, and they are not staples of commerce.

25. Braun has had knowledge of the '475 Patent at least since Wall informed it of the '475 Patent through a letter dated October 24, 2017 and addressed to Cathy L. Codrea, Sr. V.P., General Counsel and Chief Compliance Officer for Braun.

## MISCELLANEOUS

26. Wall has satisfied all conditions precedent to filing this action, or any such conditions that have not been satisfied have been waived.

27. Through this pleading, Wall has not elected any one remedy to which it may be entitled, separately or collectively, over any other remedy.

## RELIEF

Plaintiff W. H. Wall Family Holdings, LLLP respectfully requests the following relief:

A. That the Court award damages to Plaintiff W. H. Wall Family Holdings, LLLP;

B. That the Court find that Defendants B Braun Medical, Inc. and B Braun Interventional Systems, Inc. have willfully infringed the '475 Patent;

C. That the Court award to Plaintiff W. H. Wall Family Holdings, LLLP enhanced damages of up to three times the amount of their actual damages;

D. That the Court declare this to be an "exceptional" case under 35 U.S.C. § 285;

E. That the Court award pre-judgment and post-judgment interest on such damages at the highest rates allowed by law;

F. That the Court award Plaintiff W. H. Wall Family Holdings, LLLP its costs and attorneys' fees incurred in this action; and

G. That the Court award such other and further relief, at law or in equity, as the Court deems just and proper.

A JURY TRIAL IS DEMANDED BY PLAINTIFF W. H. WALL FAMILY HOLDINGS, LLLP.

Respectfully submitted,

By: */s/ Steven N. Williams*
**Steven N. Williams**
swilliams@mcdolewilliams.com
TX State Bar No. 21577625
**William Zac Duffy**
zduffy@mcdolewilliams.com
TX State Bar No. 24059697
**Winston Huff**
whuff@mcdolewilliams.com
TX State Bar No. 24068745

**MCDOLE WILLIAMS**
A PROFESSIONAL CORPORATION
1700 Pacific Avenue, Suite 2750
Dallas, Texas 75201
(214) 979-1122 - Telephone
(214) 979-1123 – Facsimile

ATTORNEYS FOR PLAINTIFF W. H. WALL FAMILY HOLDINGS, LLLP